# Third District Court of Appeal

## State of Florida

Opinion filed December 21, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-1544
Lower Tribunal No. 15-23985
_____

**United Brands, S.A.,**
Appellant,

vs.

**Diageo Dominicana, S.R.L., f/k/a Diageo Dominicana, S.A.,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, John W. Thornton, Jr., Judge.

Akerman and Francisco A. Rodriguez and Andrew J. Dominguez, for appellant.

Hunton & Williams and Samuel A. Danon and Douglas C. Dreier, for appellee.


Before SALTER, FERNANDEZ and LOGUE, JJ.

PER CURIAM.

We affirm the trial court's well-reasoned order: granting the motion of the appellee ("Diageo Dominicana") for temporary injunction; imposing the specific terms of the temporary injunction; and requiring a bond in the amount of $10,000.00, in accordance with Florida Rule of Civil Procedure 1.610. The language of the Resale Agreement of July 29, 2009, between Diageo Dominicana and the appellant ("United Brands") is clear and unambiguous. The Agreement is "governed and construed in accordance with the laws of Florida without giving effect to the principles of choice-of-law thereof." The terms of the Resale Agreement "supersede any prior agreement or understanding and this Agreement may only be modified or amended by a written instrument executed by the parties hereto."

The parties to the suit below and to this appeal further specified:

Each party hereby irrevocably and unconditionally (a) agrees that **any** action or proceeding at law or equity, arising out of or relating to this agreement **and any other agreements or the transactions contemplated hereby and thereby** shall **only** be brought in the state or federal courts located in Miami-Dade County, Florida (b) expressly submits to the personal jurisdiction and venue of such courts for the purposes thereof and (c) waives and agrees not to raise (by way of motion, as a defense or otherwise) any and all jurisdictional, venue and convenience objections or defenses that such Party may have in such action or proceeding.

Resale Agreement, section 26 (emphasis supplied).

The claims filed preemptively in the Dominican Republic by United Brands against Diageo Dominicana unquestionably violate the exclusive forum and venue

2

provision in the Resale Agreement, prompting the Florida lawsuit and anti-suit injunction. We reject United Brands' argument that the presence of another putative defendant in the Dominican Republic lawsuit—Mercasid, S.A., Diageo Dominicana's post-termination reseller—precludes the anti-suit injunction, as the injunction does not mention Mercasid and Mercasid is not a party to the Florida lawsuit.[1]

The federal cases relied upon by United Brands are distinguishable and not persuasive as applied to the record before us. In <u>Canon Latin America, Inc. v. Lantech (CR), S.A.</u>, 508 F.3d 597 (11th Cir. 2007), for example, the foreign country suit sought to be enjoined was filed in Costa Rica and asserted violations of Public Law 6209 of Costa Rica. The Costa Rican court rejected the Florida corporation's jurisdictional challenge to the Costa Rican plaintiff's right to sue in Costa Rica (despite the exclusive forum selection and choice of law provision in the written contract between the parties), finding that the provision "is of no effect, since a public policy law such as 6209 specifies that the jurisdiction of the courts of this country cannot be waived in this type of dispute." <u>Id.</u> at 600 n.3. United

---

[1] From the certified translations of the complaint and appeal filed by United Brands in the Dominican Republic, it does not appear that the anti-competition claim against Mercasid can proceed if the Florida court determines that Diageo Dominicana properly terminated United Brands as a reseller. The trial court in the Dominican Republic and an appellate court there have dismissed the United Brands complaint based on the forum provision in the Resale Agreement. The exclusive forum provision and anti-suit injunction do not disregard international comity or, apparently, the public policy of the Dominican Republic in this case.

3

Brands has pointed to no such anti-waiver statute in the Dominican Republic that would apply to the claims and record before us.

Finally, other federal cases adopting a more stringent consideration of the "same parties" and "complete disposition" tests[2] do not bind our consideration of the legal issue in this case. In applying Florida contract law and our statutes regarding choice of law and jurisdictional provisions, sections 685.101 and 685.102, Florida Statutes (2015), a federal court for this district would ordinarily follow applicable decisions of our Florida Supreme Court or District Court of Appeal. Galindo v. ARI Mut. Ins. Co., 203 F.3d 771, 775 (11th Cir. 2000). We find no such state appellate decision that would prohibit the temporary injunction entered in the present case. We thus decline to apply federal decisions outside of Florida, which seem to suggest that the joinder of Mercasid in the Dominican lawsuit would, in and of itself, preclude an anti-suit injunction in Florida.[3]

---

[2] See, e.g., Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 652 (2d Cir. 2004) ("An anti-suit injunction against parallel litigation may be imposed only if: (A) the parties are the same in both matters, and (B) resolution of the case before the enjoining court is dispositive of the action to be enjoined.").

[3] Among other concerns, and as discussed during oral argument, we are wary of an analysis that could circumvent or defeat an unambiguous forum selection/governing law provision by simply adding a defendant in the foreign suit sought to be enjoined.

4

For all these reasons, we affirm the temporary injunction. The temporary stay pending appeal ordered by this Court on July 19, 2016, will be vacated by separate order.